IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PLAN PROS, INC.,                )
                                )
              Plaintiff,        )        8:08CV125
                                )
     v.                         )
                                )
BRIAN ZYCH, d/b/a ZYCH          )        MEMORANDUM AND ORDER
CONSTRUCTION, TRACY ZYCH,       )
ZYCH CONSTRUCTION L.L.C.,       )
KENNETH TINNES, d/b/a KT        )
DESIGN and KEN TINNES           )
RESIDENTIAL DESIGN, CBS HOME    )
REAL ESTATE COMPANY, WILSON     )
MARTINEZ and CORA MARTINEZ,     )
                                )
              Defendants.       )
_____)
```

This matter is before the Court on plaintiff Plan Pros, Inc.'s motion to compel Brian Zych, Tracy Zych, and Zych Construction, L.L.C. ("Zych Defendants") to produce documents (Filing No. 40). Upon review of the motion, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be granted.

This is a case alleging infringement of Plan Pros's copyrights by the Zych Defendants. Plan Pros moves to compel the Zych Defendants to produce for inspection and copying all floor plans and elevations for houses it has ever commenced to build, including blueprints, drawings, preliminary sketches, derivatives and the like going back to January 1, 2003 (*See* Filing No. 40). The Zych Defendants argue that Plan Pros's requests are overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information (Filing No. 46, at 4-9).

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(b)(1) has been construed liberally "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). However, this relevancy requirement

> [s]hould be construed liberally and with common sense, rather than in terms of narrow legalisms. No one would suggest that discovery should be allowed of information that has no conceivable bearing on the case. But it is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.

Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 8 Fed. Prac. & Proc. Civ.2d § 2008 (internal citations omitted).

If the moving party meets its burden of demonstrating relevance, the burden is then on "the party seeking non-disclosure or a protective order to show good cause." *Penthouse Int'l, Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 391, (2nd Cir. 1981); *see also Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2,* 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (explaining that if the moving party meets its threshold burden of demonstrating relevance, "discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information")). Such good cause cannot be demonstrated by conclusory or stereotyped statements, good cause must be based on particular and specific demonstrations of fact. *See Miscellaneous Docket Matter #1*, 197 F.3d at 926 (8th Cir. 1999) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)); *accord, In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3rd Cir. 1995). More particularly, good cause can be established "when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co.*, 56 F.3d at 483 (citations omitted).

Plan Pros has pled, for example, that the Zych Defendants "copied at least one of its home designs" and that they infringed copyrights in "one or more" of its plans (*See* Filing No. 1, at ¶¶ 14, 19).  The plans the Zych Defendants used to build their houses are plainly relevant to these allegations.[1]  The Zych Defendants argue that only one house is at issue in this case.  (*See generally* Filing No. 46.)  They then "indicated that if Plaintiff had a good faith basis to suggest that the Zychs had infringed Plan Pros' copyright with respect to any of the 50 houses not at issue in this case, Plaintiff should produce that information for the Zychs' review."  (Filing No. 46, at 2.)  However, the Zych Defendants may not define the scope of Plan Pros's discovery.  Plan Pros's allegations suggest that more than one house may infringe upon their copyrights.  The request is therefore relevant to the claims and defenses in this case.  There is no basis for the Zych Defendants to require Plan Pros to show a good faith basis before complying with their discovery requests.  To the contrary, as the party resisting discovery it is the Zych Defendants, not Plan Pros, who have the burden of showing good cause for noncompliance.

The Zych Defendants argument that Plan Pros's discovery requests are overbroad, unduly burdensome, and not reasonably

---

[1] *Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc.*, 2007 WL 4117261 (S.D. Fla. 2007), relied upon by the Zych Defendants here, is inapposite.  The complaint in that case drew the issues much more narrowly than Plan Pros has done here.  (*See generally*, Filing No. 49, Ex. B.)

-4-

calculated to lead to discoverable information is unavailing. The request is overbroad only if seen through the narrow lens of the Zych Defendants' view of what the issues in this case are. Nothing in Plan Pros's complaint or amended complaint limits this case to a single house.  (*See* Filing Nos. 1, 56.)[2]  Nor is the request unduly burdensome.  Plan Pros prays only for access to the records on an "as is, where is" basis.  It is the Zych Defendants' burden to show why this request is unduly burdensome, and they have provided no evidence that it is.  Finally, the request is reasonably calculated to lead to discoverable information.  Inspection of the records could lead, for example, to discovery of evidence that the Zych Defendants had violated copyrights when they built other houses, or it could lead to witnesses that may possess other evidence relevant to the claims or defenses in this case.  The Court finds the request to be reasonably calculated.  Plan Pros's motion should therefore be granted.  Accordingly,

IT IS ORDERED that plaintiff's motion to compel is granted.  On or before March 19, 2009, the Zych Defendants shall produce, for inspection or copying, all floor plans and elevations for houses it has commenced to build from January 1, 2003, to this date, including without limitation blueprints,

---

[2] The Court also finds the request could relate to whether the alleged infringement was willful or whether the plans at issue were independently created.

drawings, preliminary sketches, and derivatives, in the condition and place they are kept in the ordinary course of business.

DATED this 5th day of March, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court