```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

PLAN PROS, INC.,                )
                                )
             Plaintiff,         )        8:08CV125
                                )
        v.                      )
                                )
BRIAN ZYCH, d/b/a ZYCH          )        MEMORANDUM AND ORDER
CONSTRUCTION, TRACY ZYCH,       )
ZYCH CONSTRUCTION L.L.C.,       )
KENNETH TINNES, d/b/a KT        )
DESIGN and KEN TINNES           )
RESIDENTIAL DESIGN, CBS HOME    )
REAL ESTATE COMPANY, WILSON     )
MARTINEZ and CORA MARTINEZ,     )
                                )
             Defendants.        )
_____)
```

This matter is before the Court on plaintiff Plan Pros, Inc.'s ("Plan Pros") motion to compel defendant Kenneth Tinnes to produce documents for inspection, answer interrogatories, and for sanctions (Filing No. 84). Upon review of the motion, the briefs and evidentiary submissions of the parties, and the applicable law, the Court grants in part the motion to compel production of documents for inspection and copying subject to the parties' agreement to a protective order as set forth below, and denies the motion in all other respects.

I. REQUESTS FOR PRODUCTION OF DOCUMENTS

Plan Pros seeks an order commanding Tinnes to produce for inspection and copying the following documents created on or after January 1, 2003:

>   a.  A complete set of plans, all sketches, preliminary designs, final construction documents, notes, E-mails and/or all other communications relating to and/or concerning each;
>
>   b.  All documents relating to and/or concerning the genesis of each plan, including but not limited to notes of meetings, sketches, redraws of other plans, E-mail, memos, and expressions of all precursor ideas to the final plan or derivative plans;
>
>   c.  All marketing and/or promotional materials, including but not limited to magazine and/or newspaper advertisements, internet marketing, E-mail notices, magazine ads and the like; and
>
>   d.  All documents reflecting amounts paid to you for your services.

(Filing No. 84, at 2.)  For substantially the same reasons expressed in its memorandum and order of March 5, 2009 (Filing No. 80), the Court finds that the plaintiff's motion to compel should be granted with respect to parts (a), (b), and (c), above. However, the Court finds the amounts paid to Tinnes for work done on other projects to be irrelevant to the issues in this case unless and until those projects are shown to infringe copyrights. Part (d) is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and excessively burdensome upon Tinnes.  It is thus outside the scope of permissible discovery.

-2-

Moreover, at least some of the documents sought by Plan Pros are confidential.  Tinnes's concern that Plan Pros employees, his competitors, should not be allowed access to his files is therefore valid and his suggestion that access to his files be limited to counsel is reasonable.  Accordingly, the parties shall jointly submit to the Court a revised protective order limiting access to the records disclosed hereunder to counsel or counsel's representative.  The portions of this order compelling disclosure shall become effective upon entry of the revised protective order.

## II. INTERROGATORIES

Plan Pros also moves to compel answers to its interrogatories.  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Plan Pros moves the Court to order Tinnes to "fully and unequivocally respond" to certain of its interrogatories, including supplementing his responses to Interrogatories 5b, 7, and 18 (Filing No. 84, at 2) and to overrule his objections to Interrogatory No. 6 and order him to answer.

The conflict involving Interrogatories 5b and 18 revolves around a missing "sketch" which Plan Pros seeks to discover.  Interrogatory No. 5b asked:

> For the "[Shea]" house plan - and
> each and every predecessor plan and

>derivative of it - please provide a detailed account of the genesis of the plan, and identify each and every draftsman, architect or other person who drew, modified, or otherwise worked on the plan
>. . . .

(Filing Nos. 85 at 3 n.2, 89 at 6-7.)  Tinnes answered Interrogatory No. 5b as follows:

>On or prior to October 31, 2006, Brain (sic) Zych provided Ken Tinnes with a sketch of the plan he wanted Mr. Tinnes to create.  Mr. Tinnes was the sole draftsman who worked on the Shea plan, which was produced in conformity with the sketch provided by Mr. Zych.

(Filing Nos. 85 at 3 n.2, 89 at 7.)  Interrogatory No. 18 asked, "Have you destroyed any documents . . . relating to and/or concerning either the '[Shea]' plan or this litigation?"  (Filing Nos. 85 at 3 n.1, 89 at 7.)  Tinnes answered, "No documents have been destroyed."  Counsel for Plan Pros then sent an E-Mail message to counsel for Tinnes, stating that

>[p]erhaps this is an oversight, but in response to interrogatory number 18, your client avers "no documents have been destroyed," but then in answer number 5b he refers to a sketch provided to him by Brian Zych; however, no sketch was produced.  Even more curious, the response to request for production number 9 says, ". . . The Complete [Shea] file including all sketches is being provided . . ."  Please either produce the sketch or sketches, or amend the answer to number 18 and state what happened

>           to the sketches, or why they were
>           not provided.

(Filing No. 86-3, at 2 (various forms of emphasis omitted).) Counsel for Tinnes replied that "Ken does not have the Sketch. He did not destroy the Sketch. He has searched diligently for the sketch. He thinks either it got lost or that maybe Brian took it back." (*Id.*) Finally, Tinnes swore out an affidavit stating in part that "I produced a complete copy of my file for the Shea home. . . . I have diligently searched for the sketch upon which the Shea home plans were based but have been unable to locate it. . . . I did not destroy the Shea sketch." (Filing No. 89-8, at 1 ¶¶ 6-8.) It does not follow, as Plan Pros suggests, that "the fact that Tinnes submitted an affidavit to this response brief . . . speaks volumes." (Filing No. 91, at 5.) Quite clearly, Tinnes remembers that there was a sketch at the time but he cannot now find the sketch in his files. There is no inconsistency between the interrogatory responses, nor is there, apart from the bare fact that the document is not in his files, any suggestion that Tinnes acted improperly.[1] It appears to the Court that Tinnes has provided complete responses to these interrogatories, and it will not order him to further elucidate that which he has already explained multiple times.

---

[1] At the risk of stating the obvious, this section also applies to Plan Pros's request for production of documents No. 9.

With respect to Interrogatory No. 6, the Court finds that the objection should be sustained. The interrogatory would require Tinnes to marshal, for each and every house plan he has drafted since January 1, 2003:

> a. The date the plan was first created;
>
> b. A detailed account of the genesis of the plan, and identify each and every draftsman, architect or other person who drew, modified, or otherwise worked on the plan;
>
> c. Identify each and every person who worked on the working/ construction drawing, and all persons who were in any meetings when the plan was drawn, modified, discussed and/or critiqued;
>
> d. The date(s) of completion of each instance the plan was constructed;
>
> e. Whether the house was ever built as a Parade Home or showcase home;
>
> f. The complete address of each such constructed plan and/or derivative of the plan; and
>
> g. Identify each person(s) purchasing each such house.

(Filing No. 85, at 2.)  This request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  It is overbroad because it would require Tinnes to provide information on over 800 plans, the vast majority of which likely have no relevance to this case.  It is

unduly burdensome because it would require Tinnes to review the contents of the same 800 files Plan Pros seeks to inspect and copy and then to seek additional information regarding each of those files.  If Plan Pros wishes to review Tinnes's records for evidence of previous copyright abuses, it may do so, but until such evidence is found, it would be unduly burdensome to require Tinnes to provide additional detailed information on each house he has designed.  Finally, the interrogatory seeks information which is not reasonably calculated to lead to the discovery of admissible evidence because the only information likely to be revealed by requiring Tinnes to respond to this interrogatory are records which Plan Pros will already have access to via its inspection.  The request to compel a response to Interrogatory No. 6 will therefore be denied.

Plan Pros also moves to compel a response to Interrogatory No. 7.  Plan Pros asked Tinnes to:

> Describe - in as much detail as you ever intend to provide during the litigation of, and at the trial of this case - all facts supporting each and every one of the affirmative defenses raised by you, and identify each and every document supporting same.

(Filing No. 85, at 4.)  "Ken Tinnes objects to the request to provide 'as much detail as you ever intend to provide' as the litigation is evolving and it is unknown what additional facts the Plaintiff may allege which may require a response . . . ."

-7-

(*Id.* at 5.) The objection is well taken. The Court will not order Tinnes to foretell what will happen between this date and the time of trial. Moreover, Tinnes provided Plan Pros with the file he kept regarding "the Shea" and argues that the file shows that his work on the plan preceded any copyright registration. (Filing No. 89, at 8.) The motion to compel will therefore be denied as it relates to these interrogatories.[2]

### III. SANCTIONS

Plan Pros requests that sanctions be imposed pursuant to Fed. R. Civ. P. 37(a)(4) and (a)(5)(A). Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(5)(A) provides for sanctions if the motion is granted unless, for example, "the opposing party's nondisclosure, response, or objection was substantially justified . . . [or] other circumstances make an award of expenses unjust." *Id.* at (a)(5)(A)(ii), (iii). Here, the Court is denying the plaintiff's motion in several respects and is granting it with respect to a request for production of documents only if the plaintiff agrees to a protective order. In these circumstances

---

[2] And as to the related requests for production of documents. Plan Pros also moves for an order compelling production of documents under its requests for production numbered 17-19. Tinnes represents to the Court that he has fully complied with the request, however, and Plan Pros does not specify which documents are missing.

-8-

it would be unjust to impose sanctions upon the defendant. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to compel Kenneth Tinnes to produce documents for inspection, answer interrogatories, and for sanctions is granted in part; defendant Tinnes shall allow inspection and copying of, subject to the Court's entry of a revised protective order as set forth above, the following documents:

>   (a) A complete set of plans, all sketches, preliminary designs, final construction documents, notes, E-mails and/or all other communications relating to and/or concerning each;
>
>   (b) All documents relating to and/or concerning the genesis of each plan, including but not limited to notes of meetings, sketches, redraws of other plans, E-mail, memos, and expressions of all precursor ideas to the final plan or derivative plans;
>
>   (c) All marketing and/or promotional materials, including but not limited to magazine and/or newspaper advertisements, internet marketing, E-mail notices, magazine ads and the like;

Tinnes may elect to allow the production and copying to occur where the records are kept in the ordinary course of his business or at another location; Tinnes or his representative shall have the right to be present during the inspection and copying;

2) Plaintiff's motion is denied in all other respects.

DATED this 8th day of July, 2009.

> BY THE COURT:
>
> /s/ Lyle E. Strom
> _____
> LYLE E. STROM, Senior Judge
> United States District Court