```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

PLAN PROS, INC.,               )
                               )
              Plaintiff,       )      8:08CV125
                               )
     v.                        )
                               )
BRIAN ZYCH, d/b/a ZYCH         )      MEMORANDUM AND ORDER
CONSTRUCTION, TRACY ZYCH,      )
ZYCH CONSTRUCTION L.L.C.,      )
KENNETH TINNES, d/b/a KT       )
DESIGN and KEN TINNES          )
RESIDENTIAL DESIGN, CBS HOME   )
REAL ESTATE COMPANY, WILSON    )
MARTINEZ and CORA MARTINEZ,    )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on plaintiff Plan Pros, Inc.'s ("Plan Pros") motion (Filing No. 96) to clarify or reconsider the Court's document inspection order (Filing No. 94). Upon review of the motions, the parties' briefs and evidentiary submission, and the applicable law, the Court will grant in part Plan Pros' motion to clarify the Court's document inspection order, and deny that motion in all other respects.

On July 8, 2009, the Court entered an order (the "July 8th order") in which it instructed, *inter alia*, defendant Tinnes to produce for inspection the following documents:

> (a) A complete set of plans, all sketches, preliminary designs, final construction documents, notes, E-mails and/or all other communications relating to and/or concerning each;

> (b) All documents relating to and/or concerning the genesis of each plan, including but not limited to notes of meetings, sketches, redraws of other plans, E-mail, memos, and expressions of all precursor ideas to the final plan or derivative plans;
>
> (c) All marketing and/or promotional materials, including but not limited to magazine and/or newspaper advertisements, internet marketing, E-mail notices, magazine ads and the like.

(Filing No. 94, at 9). As part of the July 8th order, the Court determined at least some of the documents Plan Pros sought from Tinnes were confidential. Thus, the Court further ordered the parties to "jointly submit to the Court a revised protective order limiting access to the records disclosed hereunder to counsel or *counsel's representative*" (Filing No. 94, at 3) (emphasis added).

On or around July 15, 2009, counsel for Plan Pros and Tinnes began corresponding by telephone and e-mail to negotiate the wording of protective order (Filing No. 105-4, at 10). Counsel for Plan Pros and Tinnes negotiated for approximately two weeks regarding the language to include in the protective order, but could not make a final agreement on the protective order's language (Filing No. 105-3 and 4). When negotiations broke down, Plan Pros filed its motion, pursuant to Neb. Civ. R. 60.1, seeking reconsideration or clarification of the July 8th order.

Plan Pros argues the July 8th order creates a difficult situation for Plan Pros' counsel, as Plan Pros' counsel is "not an architect, not a draftsman, and is very unfamiliar with his client's architectural works" (Filing No. 97, at 2). Plan Pros argues the July 8th order should be reconsidered to the extent the July 8th order considers the information Tinnes must disclose to Plan Pros "confidential." Alternatively, Plan Pros asks the Court to provide clarification to the July 8th order if the Court refuses to reconsider the July 8th issue.

Under Neb. Civ. R. 60.1, "[m]otions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling, or (2) new facts or legal authority, neither of which could have been brought to the Court's attention earlier with reasonable diligence." Neb. Civ. R. 60.1(c). Plan Pros has not shown the Court made a manifest error in the July 8th order, nor has Plan Pros shown new facts or legal authority have arisen that have would have had bearing on the Court's July 8th order. Therefore, the Court will deny Plan Pros' motion to the extent the motion asks the Court to reconsider the July 8th order.

The Court will, however, provide clarification of its July 8th order, specifically regarding the meaning of "counsel's representative." When the Court entered the July 8th order, it intended only to prevent dissemination of Tinnes' confidential

documents to a competitor of Tinnes (i.e., Plan Pros). The Court did not intend to create a situation in which Plan Pros' counsel would have to analyze the information Tinnes provides to Plan Pros without the assistance of someone trained in reviewing architectural drawings. Thus, to clarify, for the purposes of the July 8th order, "counsel's representative" includes in its meaning a person Plan Pros' counsel retains who has architectural expertise, so long as that person is not associated with one of Tinnes' competitors and that person is made subject to the Protective Order the parties enter.

Finally, the Court notes counsel for Plan Pros and Tinnes could not enter a satisfactory protective order in the approximately three weeks between the Court's July 8th order and Plan Pros' filing of its Motion for Reconsideration or Clarification on July 27, 2009. This delay in creating a protective order is unsatisfactory, and Plan Pros and Tinnes shall enter into the protective order on or before September 1, 2009.

IT IS ORDERED:

1) Plan Pros' motion to reconsider or clarify the Court's document inspection order is granted in part; the Court clarifies its order (Filing No. 94) regarding the meaning of "counsel's representative." For the purposes of the Court's July 8th order, "counsel's representative" includes in its meaning a

person Plan Pros' counsel retains who has architectural expertise, so long as that person is not associated with one of Tinnes' competitors and that person is made subject to the Protective Order the parties enter;

    2) The parties will enter into the protective order on or before September 1, 2009, and

    3) Plan Pros' motion to reconsider or clarify is denied in all other respects.

    DATED this 21th day of August, 2009.

    BY THE COURT:

    /s/ Lyle E. Strom
    _____
    LYLE E. STROM, Senior Judge
    United States District Court