IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Plan Pros, Inc., | § | |
| Plaintiff | § | Case No.:   8:08CV125 |
| | § | |
| vs. | § | |
| | § | |
| Brian Zych, et al., | § | |
| Defendants. | § | |

PROTECTIVE ORDER

Pursuant to the Memorandum and Order entered by the Court on July 8, 2009 [Document # 94], and the Memorandum and Order entered by the court on August 21, 2009 [Document # 116], the undersigned parties present this protective order, pursuant to which Plan Pros attorney shall be allowed to inspect and copy certain documents deemed confidential and maintained by Defendant Ken Tinnes. In particular Plan Pros, a competitor of Defendant sought to review over six years of Defendant Ken Tinnes' work product including professional designs, correspondence, marketing and pricing information. The Court granted the request in part subject to entry of a "protective order limiting access to the records disclosed hereunder to counsel or counsel's representatives."  By subsequent order, the Court then clarified its meaning of "counsel's representatives" as "a person Plan Pros' Counsel retains who has architectural expertise, so long as that person is not associated with one of Tinnes' competitors and that person is made subject to the Protective Order the parties enter."

This Court finds that the following Protective Order is appropriate.

IT IS ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      The Defendant, Ken Tinnes shall allow Plaintiff's counsel Dana LeJune, and such representative as he may retain, to inspect and copy the documents ordered produced by the Court in the Memorandum and Order entered dated July 8, 2009 [Filing No. 94] and on August 21, 2009 [Document # 116], so long as said person is not associated with one of Tinnes' competitors.  Such  representative shall in writing consent to be bound by the terms

of this protection order,  prior to accessing, inspecting, and/or copying the  records specified in the Memorandum and Order entered dated July 8, 2009 [Filing No. 94] and on August 21, 2009 [Document # 116]. , namely the plans, documents and marketing materials described in parts (a), (b), and (c) excerpted from the Request for Production, and set forth in such Order. The records shall not be accessed by any party other than Plaintiff's counsel and the consenting representative who must be identified prior to the disclosure or inspection.

2.      The material copied shall be marked "CONFIDENTIAL" and shall be maintained by counsel for the Plaintiff separate from, and not commingled with, any other document or items.

3.      An appropriate third party copying service may be utilized by the Plaintiff's counsel to make the copies so long as such service affirms in writing to abide by this protection order and deliver the copies only to the LeJune Law firm.

4.      Except as hereinafter provided or upon further order of the Court, no item produced nor any description or summary of its contents may be revealed to any person or entity except  counsel for parties in this action and those secretaries or paralegals employed by such counsel on a regular basis who are assisting counsel in this action; and the Court.

(a)      Any     person     receiving     a     copy     of     the     material     marked 'CONFIDENTIAL" shall maintain the copy separate from and not commingled with, any other document or items not related to this case.

(b)      All  copies  shall  be  considered  to  be  included  within  the  term "confidential material" as used in this Order and possession and use of any copy shall be subject to the terms of this Protective Order to the same extent as the original material.

5.      Each person receiving confidential material shall be subject to the terms of this Protective Order.

6.      All confidential material shall be viewed and/or used only for purposes of preparing and presenting this case.  Prior to any public disclosure of the material at a hearing or trial or in a motion to the court, counsel for Defendant, Ken Tinnes shall be notified of

what material is intended to be disclosed and shall be provided an opportunity to object to the intended disclosure.

7.    At the conclusion of this case all confidential material, including all copies, received pursuant to this Order shall be returned to counsel for Defendant, Ken Tinnes unless otherwise ordered by the Court.  This Protective Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court, or until the Defendant, Ken Tinnes has waived confidentiality in writing.

8.    The Court may impose sanctions with respect to any party or any party's attorney or any other person or entity improperly granting access to material subject to this Protective Order.  Any person or entity, whether or not a party violating the Protective Order, may be punished for contempt of Court.

9.    All relief granted by this Order is subject to review and change upon motion and order.

DATED this 2nd day of September, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
Lyle E. Strom, District Judge
United States District Court


Approved as to form only:

s/Dana A. LeJune                          s/Brent Nicholls
Dana  A. LeJune                           Brent Nicholls, No. 22146
TX Bar No. 12188250                       KASABY & NICHOLLS
3006 Brazos Street                        300 S. 19th Street, Suite #300
Houston, Texas 77006                      Omaha, Nebraska 68102
Telephone:  (713) 942-9898                Telephone: (402) 502-0600
Facsimile:  (713) 942-9899                Facsimile: (402) 614-5926
Attorney for Plaintiff                    Attorney for the Defendant, Ken Tinnes
Plan Pros, Inc.