IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

PLAN PROS, INC.,                    )
                                    )
            Plaintiff,              )           8:08CV125
                                    )
        v.                          )
                                    )
BRIAN ZYCH, d/b/a ZYCH              )       MEMORANDUM AND ORDER
CONSTRUCTION, TRACY ZYCH,           )
ZYCH CONSTRUCTION L.L.C.,           )
KENNETH TINNES, d/b/a KT            )
DESIGN and KEN TINNES               )
RESIDENTIAL DESIGN, CBS HOME        )
REAL ESTATE COMPANY, WILSON         )
MARTINEZ and CORA MARTINEZ,         )
                                    )
            Defendants.             )
_____)

## I.  INTRODUCTION

        This matter is before the Court on the defendants Brian

Zych, Tracy Zych, Zych Construction (collectively, the "Zychs"),

Ken Tinnes, KT Design, and Ken Tinnes Residential Design

(collectively, "Tinnes"), and CBS Home Real Estate Company's

("CBS") motion for summary judgment (Filing No. 106).  Also

before the Court is plaintiff Plan Pros, Inc.'s ("Plan Pros")

motion for partial summary judgment (Filing No. 110).  After

reviewing the briefs, evidentiary submissions, and relevant law,

the Court will deny the defendants' motion and deny without

prejudice Plan Pros' motion.

## II.  LOCAL RULE NON-COMPLIANCE

        In conjunction with Fed. R. Civ. P. 56, governing

summary judgment, the District of Nebraska has set forth local

rules governing procedural issues for summary judgment motions. *See generally* NECivR 56.1.  Local Rule 56.1(a)(1) provides that a moving party must include in its brief a statement of material facts through which the moving party contends no genuine issues exist.  Importantly, Local Rule 56.1(1) states: "<u>Failure to submit a statement of facts may be grounds to deny the motion</u>." NECivR 56.1(a)(1) (emphasis in the original).

Similarly, Local Rule 56.1(b)(1) requires a party opposing a motion for summary judgment to include a concise response to the statement of material facts in the moving party's brief.  NECivr 56.1(b)(1).  Local Rule 56(b)(1) also provides: "<u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response</u>." NECivR 56.1(b)(1) (emphasis in the original).

The Court reviews these provisions because Plan Pros' counsel has failed to comply with these provisions in both Plan Pros' brief supporting Plan Pros' motion for partial summary judgment (Filing No. 111) and Plan Pros' brief opposing the defendant's motion for summary judgment (Filing No. 122).  While Plan Pros' counsel reside outside of Nebraska, nevertheless they are required to comply with the Court's local rules. Accordingly, the Court will deny without prejudice Plan Pros' motion for partial summary judgment (Filing No. 110) and will

consider as admitted the statements of material fact in the defendants' brief supporting their motion for summary judgment.[1]

### III.  FACTS

Plan Pros is an architectural company that specializes in designing residential housing plans.  Plan Pros has registered at least two of the housing plans it designed, known as the "Leftwich" and the "Elway," for copyright protection. (Defendants' Brief in Support of Summary Judgment ("Def. Brief"), Filing No. 107, ¶¶ 2, 3).  Plan Pros registered the Leftwich on October 5, 2005, and the Elway on January 9, 2007 (Def. Brief ¶¶ 2, 3).  Plan Pros amended the Elway's registration in August 2008, after commencing this law suit, seeking to reflect that the Elway was derivative of the Leftwich (*Id.* ¶¶ 2, 4).

---

[1] Plan Pros maintains it complied with the "spirit" of NECivR 56.1(a)(1), through providing an "Introduction and Synopsis" section and a "Relevant Factual Background" section in its briefs.  While it is true Plan Pros provided an approximate two-page narrative of the general facts of the case in its brief, the thrust of Plan Pros' arguments in its motions are supported by facts not contained in that narrative.  The narrative clearly does not comply with the "letter" of Rule 56.1(a)(1), and it would be a lengthy logical leap to say the narrative complies with the "spirit" of Rule 56.1(a)(1).

In evaluating a motion for summary judgment, courts must ascertain what facts are material and whether a genuine issue exists regarding those facts.  When a party moving for summary judgment fails to provide a court with a statement of what facts the moving party believes are material, it is extremely difficult, if not impossible, for a court to ascertain what facts are pertinent to the summary judgment evaluation.  Moreover, separately stating the material facts in a brief supporting a motion for summary judgment is essential because the party opposing the motion must directly respond to the moving party's statements of material fact.  NECivR 56.1(b)(1).

The Zychs own a small home-building construction company that operates exclusively in the Omaha, Nebraska, area (*Id.* ¶ 1).  In 2006, Brian Zych created a hand-drawn sketch for a proposed model house, which the Zychs claimed incorporated various concepts and ideas they had used in houses they previously built and from reviewing thousands of architectural plans (Def. Brief ¶ 6).  The Zychs took the sketch to Tinnes, an architectural draftsman specializing in home designs, to have Tinnes prepare architectural drawings based on the sketch (Def. Brief ¶¶ 5, 6).  From the sketch, Tinnes created an initial set of architectural plans, which he finished on October 31, 2006 (*Id.* at ¶ 7).  After discussing the plans with the Zychs, Tinnes modified the drawings and completed the final set of plans on December 5, 2006 (*Id.* at ¶ 8).  These architectural plans were entitled the "Shea" design, and the Zychs paid Tinnes $2,229.37 to prepare the drawings (*Id.* at ¶¶ 9, 10).

Thereafter, the Zychs built a house located at 12554 S. 81st Ave. in Papillion, Nebraska (hereafter the "2008 house"), based on the Shea plans, which was completed on February 8, 2008 (*Id.* at ¶ 11; *see id.* ¶ 13, depicting a photograph of this house).  The front exterior of this house incorporated several similarities with other houses the Zychs had previously designed from 2002, September 2004, and June 2005 (*See id.* at ¶¶ 14-16, depicting a photograph of these other house).

After seeing an advertisement in June 2007[2] for a house the Zychs built, Plan Pros concluded the Zychs had copied the Leftwich and the Elway designs (Plan Pros Brief at 2).  Plan Pros sent a "cease-and-desist" letter to the Zychs and the realty company that was selling the house featured in the advertisement (*Id.* at 2-3).  Two days after receiving Plan Pros' letter, the Zychs attempted to purchase a license for the Elway plan, but Plan Pros' marketing company declined the sale (*Id.* at 3).  The cost of Plan Pros' plans would have been $900[3] (*Id.* at 168).  Ultimately, Plan Pros brought this action against the defendants for copyright infringement (Amended Complaint, Filing No. 56).

The core issues in this case are the uniqueness or originality of the Leftwich and the Elway architectural plans and the similarities between the Shea, the Leftwich, and Elway.  The parties have conducted extensive discovery in connection with these issues.  A Plan Pros representative disclosed during a deposition that Plan Pros believes its Elway house has four unique or original design features: (1) the garage's size and

---

[2] The Court cannot ascertain whether the house featured in the advertisement was of the 2008 house or of a different house the Zychs were constructing.

[3] Although Plan Pros charges $900 for its architectural plans, the total cost to the Zychs may have actually been more, as the Zychs would have needed to consult with an architect so that the architect could modify the Plan Pros' plan to fit the specifications of an individual housing lot (Deposition of Carl Cuozzo, Filing No. 108-4, at 124-27).

shape; (2) the pantry's back corner is "clipped"; (3) the master bathroom's toilet extends into a closet wall by twelve inches; and (4) the location and presence of an "Iron Away" board in the master bedroom closet (Def. Brief ¶ 17).  The defendants maintain all of these unique or original features from the Elway either were not used in the Shea's design (i.e., the garage), or, if they were used, had previously been used in houses the Zychs had built which pre-date Plan Pros' creation of the Leftwich and Elway (i.e., pantry, master bathroom, "Iron Away" board) (*Id.* ¶¶ 18-22).

In addition, the defendants have itemized numerous differences between the Shea and the Leftwich and the Elway (*See generally id.* ¶¶ 22-166).  These differences include variations in front-exterior elevations (¶¶ 23-37), rear-exterior elevations (¶¶ 38-40), left-side exterior elevations (¶¶ 41-46), right-side exterior elevations (¶¶ 47-53), square footage and room size (¶¶ 54-55), footprints (¶¶ 56-60), basement and basement foundation (¶¶ 61-78), front bedrooms (¶¶ 79-82), laundry rooms (¶¶ 83-88), dining rooms (¶ 89), entry-ways (¶¶ 90-92), main bathrooms (¶¶ 93-100), kitchens (¶¶ 101-09), pantries (¶¶ 110-11), back bedrooms (¶¶ 112-14), stairwells (¶ 115), windows (¶ 116), garages (¶¶ 117-24), garage entry areas (¶¶ 125-26), family rooms (¶¶ 127-28), master closets (¶¶ 129-33), master bedrooms (¶¶ 134-39), master bathrooms (¶¶ 140-49), decks/patios

(¶¶ 150-53), electrical and lighting designs (¶¶ 154-66).  As a concession to brevity, these differences are incorporated by reference into this memorandum.

The Zychs have stated they did not copy Plan Pros' designs in the designing of the Shea, and they typically will obtain a license for a third party's house plans if they see a house they like and want to build (*Id.* at ¶ 167).

### IV.   SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson,* 477 U.S. at 248.  A material issue is genuine if it has any real basis in the record.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  On a motion for summary judgment, the Court must view all evidence and reasonable inferences in the light most favorable to the nonmoving party.  *Anderson,* 477 U.S. at 250.  However, the nonmoving party may not rest on the mere

-7-

denials or allegations in the pleadings, but must set forth
specific facts sufficient to raise a genuine issue for trial.
*Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  If the
plaintiff cannot support each essential element of his claim,
summary judgment will be granted because a complete failure of
proof regarding an essential element necessarily renders other
facts immaterial.  *Id.* at 322-23.

In cases implicating copyright infringement, if both
works are in the record, the court may permissibly apply the
substantial similarity test, discussed *infra*, and grant summary
judgment.  *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th
Cir. 1989).  However, courts have traditionally disfavored
summary judgment in these cases because substantial similarity is
a close question of fact.  *Benchmark Homes, Inc. v. Legacy Home
Builders, L.L.C.*, No. 8:03-CV-527, 2006 WL 994566, at *3 (D. Neb.
Jan. 27, 2006) (citing *Atkins v. Fischer*, 331 F.3d 988, 994 (D.C.
Cir. 2003)).

### V.  DISCUSSION

### A.    The Copyright Act & Substantial Similarity

The Copyright Act, 17 U.S.C. §§ 101 et seq., protects
architectural works.  17 U.S.C. § 102(a)(8).  An architectural
work is "the design of a building as embodied in any tangible
medium of expression, including a building, architectural plans,
or drawings.  The work includes the overall form as well as the

-8-

arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. § 101.

To establish a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of original elements of the copyrighted work. *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006); *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005).

In this case, the defendants put forth no arguments challenging the validity of Plan Pros' ownership of a valid copyright in the Leftwich and the Elway designs.[4] The Court views the evidence in a light most favorable to the non-moving party and will assume without deciding for the purposes of the defendants' summary judgment motion that Plan Pros owns a valid copyright in the Leftwich and the Elway designs. Accordingly, the primary issue for the Court to resolve is whether the defendants copied an original element of the Leftwich or the Elway.

If a plaintiff cannot prove copying through direct evidence, the plaintiff may establish copying by (1) showing the

---

[4] The Zych's brief (Filing No. 125) opposing Plan Pros' motion for partial summary judgment (which the Court will deny for failing to comply with the local rules) does raise issues regarding whether Plan Pros owns a valid copyright.

defendant had access to the copyrighted work, and (2) showing a substantial similarity between the ideas and expression of the copyrighted work (e.g., the Leftwich and the Elway) and the alleged infringing work (e.g., the Shea). *Rottlund*, 452 F.3d at 731; *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987). The defendants brief does not raise the issue of whether the defendants had access to the Leftwich and the Elway designs, and the Court, again, will assume without deciding that the defendants had access to Plan Pros' designs. Thus, the Court must evaluate whether a substantial similarity exists between the Shea and the Elway and the Leftwich.

Courts conduct a two-step analysis when evaluating whether a substantial similarity exists in the ideas and expressions of two works. *Rottlund*, 452 F.3d at 731; *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 945 (8th Cir. 1992). First, "[s]imilarity of ideas is evaluated extrinsically, focusing on objective similarities in the details of the works." *Rottlund*, 452 F.3d at 731 (citing *Hartman*, 833 F.2d at 120). In evaluating the extrinsic step, expert testimony is often helpful to ascertain whether the works are objectively similar. *See Rottlund*, 452 F.3d at 731 (citing *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989)). Second, "[i]f ideas are substantially similar, then similarity of expression is evaluated using an intrinsic test depending on the response of the

ordinary, reasonable person to the forms of expression." *Id.*
(internal quotation omitted).

In their brief, the defendants argue no substantial
similarity exists between the Shea and the Leftwich and the
Elway.[5]  The Court finds a genuine issue of material fact exists
on the issue of whether there is a substantial similarity between
the Shea and the Leftwich and the Elway.  Accordingly, the Court
will deny the defendants' motion for summary judgment on that
issue.

**B.   Independent Creation**

Alternatively, the defendants argue they created the
Shea design independently from Plan Pros' creation of the
Leftwich and the Elway.  Independent creation is a defense
against an inference of copying, as it refutes a finding of
access and substantial similarity to the protected work.
*Rottlund*, 452 F.3d at 732; *Taylor*, 403 F.3d at 967; *see also*

---

[5] The majority of the defendants' arguments on the
substantial similarity issue are based on Eleventh Circuit's
holding in *Intervest Const., Inc. v. Canterbury Estate Homes,
Inc.*, 554 F.3d 914 (11th Cir. 2008), which evaluated a similar
issue to the present case through an analysis of copyright
protection in compilations.  The Court declines to extend the
Eleventh Circuit's holding in *Intervest* to this case.  Rather,
the Court finds controlling the traditional analysis used in the
Eighth Circuit for evaluating copyright infringement cases,
including alleged infringements in architectural works.  *See
generally Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726 (8th Cir.
2006); *Benchmark Homes, Inc. v. Legacy Home Builders, LLC*, No.
8:03-CV-527, 2006 WL 994566 (D. Neb. Jan. 27, 2006); *Kootenia
Homes, Inc. v. Reliable Homes, Inc.*, No. CIV. 00-1117, 2002 WL
15594 (D. Minn. Jan. 3, 2002).

*Donald v. Uarco Bus. Forms*, 478 F.2d 764, 765 (8th Cir. 1973)
("[I]f a work is independently created, it is entitled to a
copyright even though it is identical to a work in the public
domain.").

In this case, a genuine issue of material fact exists
as to whether the defendants independently created the Shea plan
from the Leftwich and the Elway plan.  Accordingly, the Court
will deny the defendants' motion for summary judgment on this
issue.

IT IS ORDERED:

1)  The defendants's motion for summary judgment
(Filing No. 106) is denied; and

2)  Plan Pros' motion for partial summary judgment
(Filing No. 110) is denied.

DATED this 22nd day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court